IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ADAM BALZER<br>2763 DEERPASS DR SW<br>CANTON, OHIO 44706<br><br>     Plaintiff<br><br>  vs.<br><br>CITY OF CANTON<br>218 CLEVELAND AV, SW<br>CANTON, OHIO 44702<br><br>And<br><br>OFFICER TREVOR STERN<br>C/O CANTON POLICE DEPARTMENT<br>221 3RD STREET SW<br>CANTON, OHO 44702<br><br>And<br><br>OFFICER JOSEPH BARNHOUSE<br>C/O CANTON POLICE DEPARTMENT<br>221 3RD STREET SW<br>CANTON, OHO 44702<br><br>And<br><br>OFFICER JEFF SPAHR<br>C/O CANTON POLICE DEPARTMENT<br>221 3RD STREET SW<br>CANTON, OHO 44702<br><br>And | CASE NO<br><br><br><br><br>JUDGE<br><br><br><br>COMPLAINT<br><br>Jury Demand Endorsed |

JOHN DOE 1-10

Individually and in their official capacities
as employee of the City of Canton, Ohio

     Defendants

## PRELIMINARY STATEMENT

1. This tort action challenges the arrest and brutalization of Adam Balzer on or about August 1, 2017, by several known and unknown Canton Police Officers.  Plaintiff Balzer is a mentally ill Caucasian male who at the time of police encounter was clearly having a mental break.  He had not assaulted anyone and was ultimately attacked by a K-9 officer and his companion.  Plaintiff Balzer nearly lost his leg as the K-9 chewed his leg to the bone.  Adam spent the next several months learning how to walk again.

## JURISDICTION AND PARTIES

2. This action is brought pursuant to Ohio laws, R.C. 2305.16, United States Constitutional Amendments IV, VIII, and XIV; Ohio Constitution, 42 USC §1983 §1988 respectively also 28 USC § 1331 and 1367.

3. Venue is proper under 28 USC §1391 (b).  Plaintiff resides in this jurisdictional district and Defendants City of Canton and Officers are governmental entities and employees of such also situated within this jurisdictional district.  Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

4. Defendant, City of Canton, Ohio is an Ohio corporation or political subdivision of the State of Ohio, organized and existing under the laws of the

State of Ohio, and operating and conducting business in Stark County, Ohio. Canton Police Department is a subdivision of Defendant City of Canton, Ohio.

5. Defendants Officers Stern, Barnhouse, Spahr and John Doe Officers are Ohio law enforcement officers employed by The Canton Police Department being duly sued in their individual capacities and are residents of Stark county or Northern District at the time of the incident.

6. This is an action seeking damages in excess of $25,000.00, exclusive of costs, interest, and attorney's fees.

## FACTUAL ALLEGATIONS

7. ADAM BALZER is a thirty-nine year old man who lives in Stark County, Ohio

8. On or about August 1, 2017, Plaintiff Balzer had a mental health issues that are apparently known or should be known to the Canton Police Department.

9. On or about August 1, 2017, Plaintiff Balzer was at a local establishment in Canton, Ohio called Muggwigz.

10. At approximately 1800 hours Canton Police officers were dispatched to Muggwigz, 137 Walnut Av., NE, Canton, Ohio.

11. Officer Barnhouse and Stern quickly dispatched K-9 Officer Vlad to effectuate an arrest on Plaintiff Balzer.

12. The escalation and use of force was excessive and reckless.

13. Plaintiff Balzer's leg was chewed to the bone and he remained hospitalized for months from the severe and permanent injuries sustained from the dog bite.

14. Defendants without probable cause arrested Plaintiff Balzer for Disorderly conduct and resisting arrest

15. Defendants summoned medics on the scene whereby Plaintiff was transported to Aultman Hospital.

16. Plaintiff Balzer was ordered to appear in Court and Not Guilty By Reason of Insanity plea was entered on his behalf.

17. Plaintiff Balzer was unable to appear in Court for months.

18. Plaintiff Balzer was ultimately declared Not Guilty due to the mental defect he was suffering at the time of the incident on or about August 1, 2017.

19. Plaintiff Balzer was arrested, hospitalized, suffered emotional and physical harm and was forced to hire a lawyer because his liberty was in jeopardy.

20. At all times all Defendant Officers acted under color of law as Canton Police Officers.  They acted in concert and with purpose to recklessly deprive Mr. Balzer of his rights.

21. At all times relevant to this action, Defendant officers acted unreasonably, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the rights of Plaintiff ADAM BALZER.

22. As a direct and proximate result of the misconduct of Defendants and all other unknown, Plaintiff Balzer suffered physical injury, pain, torture, and emotional, and psychological trauma as a result of their abuse of process.

## COUNT ONE – EXCESSIVE FORCE

23. Each of the paragraphs 1-22 of this complaint are incorporated as if restated fully herein.

24. Defendants have, under color of law, recklessly deprived Mr. Balzer of rights privileges, and immunities secured to him by the United States Constitution including the prohibition on unreasonable searches and seizures and cruel and unusual punishment contained in the Fourth and Eighth Amendments to the United States Constitution.

## COUNT TWO – ASSAULT AND BATTERY

25. Each of the paragraphs 1-24 of this complaint are incorporated as if restated fully herein;

26. Officers Stern and Barnhouse are handlers of k-9 Vlad which is an aggressive breed dog.

27. Defendant Officers intentionally released Vlad upon Plaintiff Balzer.

28. Defendants release of Vlad was excessive and unnecessary.

29. Defendants Barnhouse, Stern, Spahr recklessly, maliciously, and/or intentionally applied and threatened to apply unlawful and unnecessary force against Mr. Balzer.

30. Defendants were reckless in their handling of Vlad

31. Defendants were negligent in their handling of Vlad

32. Pursuant to Revised Code §955.28, Defendants are strictly liable for the injuries suffered by the Plaintiff

## COUNT THREE – STATE LAW CLAIM INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Each of the paragraphs 1-32 of this complaint are incorporated as if restated fully herein

34. As described more fully in the preceding paragraphs, by prosecuting Mr. Balzer for crimes he could not have the mental culpability to commit, the Individual Defendants intended to cause emotional distress, or knew or should have known that their actions would result ins serious emotional distress.

35. In doing so, the individual defendant's conduct was extreme and outrageous, going beyond all possible bounds of decency such that it can be considered completely intolerable in a civilized society, and this conduct caused Mr. Balzer to suffer serious emotional distress of the nature no reasonable man could be expected to endure.

36. This misconduct described in this Count was undertaken with malice, bad faith, and in a wanton and reckless manner, and was undertaken by the individual defendants within the scope of their employment.

37. As a result of this misconduct, Mr. Balzer sustained injuries, including emotional pain and suffering, as is more fully alleged therein

## COUNT FOUR – RESPONDEAT SUPERIOR

38. Each of the paragraphs 1-37 of this complaint are incorporated as if restated fully herein

39. In committing the acts alleged therein, the individual Defendants were members and agents of the Canton Police Department, acting at all relevant times within the scope of their employment.

40. Defendant City of Canton is liable as principal for all torts committed by their agents.

## COUNT FIVE – STATE LAW CLAIM INDEMNIFICATION

41. Each of the paragraphs 1-40 of this complaint are incorporated as if restated fully herein

42. Ohio law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

43. The individuals Defendants are or were employees of the City of Canton, and acted within the scope of their employment in committing the misconduct described herein

## COUNT SIX – STATE LAW CLAIM MALICOUS PROSECUTION

44. Each of the paragraphs 1-43 of this complaint are incorporated as if restated fully herein

45. Through their actions as described above, the individual defendants caused Mr. Balzer to be improperly subjected to a prosecution for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Mr. Balzer's favor.

46. The individual Defendants accused Mr. Balzer of criminal activities knowing those accusations to be without genuine probable cause in a manner in which and with intent of exerting influence to institute and continue the judicial proceedings

47. The misconduct described in this Count was undertaken with malice, bad faith, and in a wanton and reckless manner, and was undertaken by the individual Defendants within the scope of their employment and/or official responsibilities.

48. As a result of this misconduct, Mr. Balzer suffered injuries, including bodily harm and emotional pain and suffering as more fully alleged herein.

## COUNT SEVEN – ABUSE OF PROCESS 42 U.S.C. §1983

49. Each of the paragraphs 1-48 of this complaint are incorporated as if restated fully herein

50. Defendants City of Canton, Officers Stern, Barnhouse, Spahr and others unknown did initiate legal proceedings against Plaintiff Balzer, and that proceedings have been perverted to attempt to accomplish a mercenary

motivated purpose; and Defendants, and others unknown directly caused Plaintiff Balzer harm as a result of the ill motivated abuse of process.

51. As described herein, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under the color of law and within the scope of their employment, deprived Mr. Balzer of his Constitutional right to freedom from unreasonable search and seizure, cruel and unusual treatment, and the use of excessive force.

52. Absent this misconduct, the prosecution of Mr. Balzer could not and would not have been pursued.

53. As a result Mr. Balzer has been harmed

### COUNT EIGHT - 42 U.S.C. §1983 FAILURE TO INTERVENE

54. Each of the paragraphs 1-53 of this complaint are incorporated as if restated fully herein

55. In the manner described herein, during the Constitutional violations described above one or more of the Individual defendants stood by without intervening to prevent the misconduct, despite having a reasonable opportunity to do so.

56. As a result of the individuals Defendant's failure to intervene to prevent the violation of Mr. Balzer's constitutional rights, Mr. Balzer suffered pain and injury, as well as emotional distress.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to Mr. Balzer's rights.

## JURY DEMAND

58. PLAINTIFF, request a jury trial on all claims triable to a jury

## PRAYER FOR RELIEF

WHEREFORE, Adam Balzer request judgment against the Defendants for the following relief:

a. Compensatory damages in an amount to be shown at trial;

b. Punitive damages against the Defendant law enforcement officers in an amount to be shown at trial;

c. Prejudgment interest; and

d. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,
*Law Office of Walter T Madison, LLC*

/s/ *Walter T Madison*
_____
**Walter T. Madison #0071722**
**Attorney at Law**
**137 S. Main Street, Ste 201**
**Akron, Ohio 44308**
**(330) 294-0716**
**(3300 294-0823 Fax**